# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

OLEG MASKAEV and DENNIS RAPPAPORT
PRODUCTIONS, LTD.

V.

WORLD BOXING COUNCIL and SAMUEL
PETER,

## SUMMONS IN A CIVIL CASE

CASE NUMBER:

# 07 CV 3147

# JUDGE BATTS

TO: (Name and address of defendant)

J.B. LENHARDT, ESQ.
Attorney for Defendant WBC
1717 Main Street, Suite 900
Dallas, Texas 75201

Samuel Peter
Defendant
6333 Hamilton Grove Ave.
Las Vegas, NV 89122

Kramer, Levin, Naftalis
& Frankel, LLP
Attorneys for Peter
1177 6th Avenue
New York, NY 10036

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

PROFETA & EISENSTEIN
14 WALL STREET, 22ND FLOOR
NEW YORK, NEW YORK 10005-2101

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 9 2007

CLERK

DATE

(BY) DEPUTY CLERK

Jethro M. Eisenstein (JE 6848)
PROFETA & EISENSTEIN
14 Wall Street, 22nd Floor
New York, New York 10005
Tel. No.: (212) 577-6500
Fax No.: (212) 577-6702

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------

OLEG MASKAEV and DENNIS                    Index No.:
RAPPAPORT PRODUCTIONS, LTD.,

      Plaintiffs,                         COMPLAINT

   -against-

WORLD BOXING COUNCIL and
SAMUEL PETER,

      Defendants.

--------------------------------

    Plaintiffs, Oleg Maskaev and Dennis Rappaport
Productions, Ltd., as and for their complaint against
defendants, World Boxing Council and Samuel Peter, state as
follows upon information and belief:


## Jurisdictional Statement


    1.  This is an action for injunctive relief and for
damages.  This Court has jurisdiction over this action
pursuant to 28 U.S.C. §1332, as the matter in controversy
exceeds $75,000, exclusive of interest and costs, and there

is diversity of citizenship between the parties.  Plaintiff Oleg Maskaev is a citizen of Russia and a resident of the State of New York, County of Richmond.  Plaintiff Dennis Rappaport Productions, Ltd. is a New York corporation. Defendant World Boxing Council is a foreign association that maintains is principal place of business in Mexico City, Mexico.  Defendant Samuel Peter is a Nigerian citizen who maintains a residence in Las Vegas, Nevada.

## Venue

2.    Venue   is   proper   in   this   judicial   district pursuant to 28 U.S.C. §1391(a)(2), as a District in which a substantial part of the events giving rise to the claim occurred, and as to the foreign defendants venue is also proper pursuant to 28 U.S.C. §1391(d).

## Parties

3.    Plaintiff   Oleg   Maskaev   ("Maskaev")   is   a heavyweight professional boxer who resides in Staten Island New York.    Maskaev is the holder of the World Boxing Association heavyweight world championship, having gained the title on August 12, 2006.

4.    Plaintiff Dennis Rappaport Productions, Ltd. ("DRP") is a New York corporation which holds the exclusive promotional rights to the boxing services of plaintiff Oleg Maskaev.

5.    Defendant World Boxing Council ("WBC") is a foreign association that does business in New York, whose principal purpose is to promote, regulate, control and supervise professional boxing. Included among this boxing organization's self-proclaimed duties are the classification of boxers by weight class, the ranking of boxers within each classification, and, in return for the payment of fees, the sanctioning of championship bouts. Under the rules of the WBC, the WBC champion in each weight class must periodically defend his title against the WBC designated official mandatory challenger in that weight class. This process is referred to as the "mandatory" defense.

6.    Defendant Samuel Peter ("Peter") is a citizen of Nigeria who maintains a residence in Las Vegas, Nevada. Peter is currently the WBC official mandatory challenger in the heavyweight division.

<u>Statement of the Claim</u>

7.    Maskaev is heavyweight champion of the WBC, having won the title by defeating Hasim Rahman on August 12, 2006.

8.    Plaintiff Dennis Rappaport is the exclusive promoter of WBC champion Maskaev.

9.   The WBC has rules that require its champion to engage in a mandatory defense each year.

10.   The WBC mandatory defense rules contain provisions that call for a purse bid, which is an auction of the rights to promote the mandatory defense bout.   The purse bid auction is called for when the champion and challenger cannot agree on terms for the mandatory defense.   Under the rules, if the bout goes to purse bid, the champion and the challenger are required to fight on the terms and for the purses provided in the winning purse bid.

11.   WBC rules call for a thirty day free negotiation period after the mandatory bout is announced by the WBC, with the purse bid to be conducted no earlier than fifteen days after the expiration of the thirty day free negotiation period.   The rules thus provide a total of forty-five days for free negotiation between champion and challenger after the WBC announcement of the mandatory bout.

12.   The WBC first announced the mandatory bout between Maskaev and defendant Peter on April 9, 2007 and called for a purse bid to be conducted on April 20, 2007, giving plaintiff Maskaev a total of eleven days to negotiate the bout before being forced to a purse bid.

13.   The WBC mandatory rules provide for the champion to receive 70% of the proceeds of the purse bid and the challenger to receive 30% of the proceeds.

14.   On April 16, 2007, the WBC ordered that champion Maskaev will receive only 55% of the proceeds of the purse

bid and challenger Peter will receive 45% of the proceeds of the purse bid.

## FIRST CAUSE OF ACTION

15. The WBC championship held by plaintiff Maskaev constitutes a contractual relationship with the WBC, which requires the WBC to apply its rules to Maskaev fairly.

16. The WBC has breached its agreement with Maskaev by violating its mandatory rules.

17. As a result of the WBC breach of its rules as aforesaid, plaintiffs Maskaev and DRP have been damaged in an amount to be determined at trial which exceeds $75,000 exclusive of interests and costs.

18. Plaintiffs Maskaev and DRP have no adequate remedy at law.

## SECOND CAUSE OF ACTION

19. As WBC champion, plaintiff Maskaev is entitled to the benefit and protection of the WBC mandatory defense rules.

20. The WBC has applied its mandatory defense rules to Maskaev in an arbitrary and capricious manner.

21. As a result of the arbitrary and capricious actions of the WBC as aforesaid, plaintiffs Maskaev and DRP have been damaged in an amount to be determined at trial which exceeds $75,000 exclusive of interest and costs.

22.  Plaintiffs Maskaev and DRP have no adequate remedy at law.

## THIRD CAUSE OF ACTION

23.  The contract between the WBC and Maskaev contains a covenant of good faith and fair dealing.

24.  In its actions in relation to Maskaev, the WBC has breached the obligation of good faith and fair dealing that it owes to Maskaev.

25.  As a result of the breach of the covenant of good faith and fair dealing as aforesaid, Maskaev and DRP have been damaged in an amount to be determined at trial which exceeds $75,000 exclusive of interests and costs.

26.  Plaintiffs Maskaev and DRP have no adequate remedy at law.

WHEREFORE, plaintiffs pray for the following relief on each of their claims:

a.   An injunction requiring the WBC to order a free negotiation period of thirty days for the Maskaev-Peter bout and to set the purse bid no earlier than fifteen days after the expiration of such thirty day period, as required by the WBC mandatory rules.

b.   An injunction requiring the WBC to divide the proceeds of any purse bid that is conducted for the Maskaev-Peter bout so as to give 70% of the proceeds to the champion

Maskaev and 30% of the proceeds to challenger Peter, as required by the WBC mandatory rules.

       c.   Damages to be determined at trial in an amount which exceeds $75,000 exclusive of interest and costs.

       d.   The costs and disbursements of this action.

Dated:   New York, New York

Dated:   New York, New York
          April 19, 2007

              Yours etc.,

              PROFETA & EISENSTEIN
              Attorneys for Plaintiffs

              Jethro M. Eisenstein
              A Member of the Firm
              14 Wall Street, 22nd Floor
              New York, New York 10005
              (212) 577-6500